■    In the Matter of the Claim of JOHN LEDWITH, Respondent, against OLYMPIC RESTAURANT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellants, the Olympic Restaurant, employer, and the Glens Falls Indemnity Company, insurance carrier, appeal from a decision of the Workmen's Compensation Board which denied reimbursement from the Special Disability Fund pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant suffered three separate heart attacks, two of which while he was working for the appellant employer, and the third while he was working for the respondent R. J. Woodington Riding Stables. These attacks were all causally related to his work. The first attack occurred on March 2, 1947. Although a claim for compensation was filed for disability arising from that attack the claim was disallowed on the ground it was barred by claimant's failure to file a claim within the two-year period of limitation prescribed by section 28 of the statute. Claimant suffered a second attack on November 9, 1948 while he was again working for the appellant employer. After the first attack he did not go back to work for the appellant employer until August of 1948. This employer when he hired him the second time knew that claimant had been sick but disclaimed any knowledge as to the cause or nature of his illness. Whether this employer rehired claimant as a disabled person is at the most an issue of fact concerning which the evidence in this record is very scanty. The third attack happened on July 21, 1949, and at that time claimant was working for the respondent R. J. Woodington Riding Stables. Between September 12, 1949 and December 14, 1949 claimant filed three separate claims against his former respective employers. As heretofore indicated his claim for the accident occurring on March 2, 1947 was disallowed because of the statutory period of limitation. In its first set of findings, dated May 11, 1953, the board found liability against both employers for the period between July 23, 1949 and July 25, 1952, and charged the award equally between their respective carriers. Both employers and their carriers filed claims for reimbursement of compensation paid in excess of 104 weeks as provided for under subdivision 8 of section 15 of the Workmen's Compensation Law. The Special Disability Fund was held liable for reimbursement so far as the last employment is concerned but was discharged from liability for reimbursement in connection with the claim of the appellant employer herein. The board held that the claim of the latter for reimbursement was not filed within the time requirements of the statute. But in these findings the board did not fix a date of disablement. Thereafter the case was reopened, another hearing was held, and the board made supplementary findings. Among these findings it found the date of disability as of November 9, 1948, which was the date of the second accident, and also reiterated its previous finding that the appellant employer did not file a claim for reimbursement within the time prescribed by statute. It also found that the appellant employer's carrier did

not produce any proof that claimant was hired or continued in his employment as a disabled person prior to the accident of November 9, 1948. In view of the record we think the latter finding is conclusive on us. It involved an issue of fact which the board clearly had the right to determine, and we cannot say that the determination was erroneous as a matter of law. We express no opinion on the issue of whether the appellant employer's claim for reimbursement was timely. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.